IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAMES ADAM NEIRA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-20-CV-271-PRM |
| | § | EP-18-CR-2399-PRM-1 |
| U.S. BUREAU OF PRISONS | § | |
| and U.S. MARSHALS | § | |
| OFFICE, | § | |
|     Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner James Adam Neira's [hereinafter "Petitioner"] "Writ of Habeas Corpus 28 U.S.C. § 2241" (ECF No. 1)[1] [hereinafter "Petition"] filed on October 30, 2020. Therein, Petitioner requests that the Court order that Petitioner be transferred from the El Paso County Jail Annex to a Bureau of Prisons [hereinafter "BOP"] facility. Pet. 1. For the reasons provided herein, the Court concludes that the Petition should be denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 2017, state officials arrested Petitioner on a

---

[1] "ECF No." refers to the Electronic Case Filing numbers for documents docketed in EP-18-CR-2399-PRM-1.

warrant for aggravated assault. Am. Plea Agreement 9, Mar. 28, 2019, ECF No. 65. Shortly thereafter, on January 5, 2018, federal officers discovered 2.54 kilograms of 97.2 percent pure methamphetamine inside a vehicle that had entered the Bridge of the Americas Port of Entry in El Paso, Texas. *Id.* Federal investigators subsequently determined that Petitioner had directed the driver of the vehicle to transport the methamphetamine from Mexico into the United States. *Id.*

A federal grand jury returned a two-count Indictment charging Petitioner with conspiracy to import more than 500 grams of methamphetamine [hereinafter "Count One"] and conspiracy to possess with intent to distribute more than 500 grams of methamphetamine [hereinafter "Count Two"]. Indictment, Aug. 15, 2018, ECF No. 3.

The Magistrate Judge ordered Petitioner's state custodian and the United States Marshal to produce Petitioner at the federal courthouse for all proceedings related to the Indictment. Writ of Habeas Corpus ad Prosequendem, Aug. 17, 2018, ECF No. 13. The Magistrate Judge further ordered the United States Marshal to return Petitioner to his

state custodian at the conclusion of his federal criminal proceedings. *Id.*

Petitioner—who was represented by appointed counsel—pleaded guilty to Count Two of the Indictment pursuant to an Amended Plea Agreement. Am. Plea Agreement 1. The Court sentenced Petitioner to 192 months' imprisonment. J. Crim. Case, July 3, 2019, ECF No. 75. Thereafter, Petitioner appealed his judgment, and the Fifth Circuit subsequently dismissed Petitioner's appeal. J., Mar. 13, 2020, ECF No. 88.

State officials returned Petitioner to state custody for a trial scheduled for October 14, 2019 in cause number 20180D03031 in the 34th Judicial District Court of El Paso County. Presentence Investigation Report ¶ 55, June 25, 2019, ECF No. 73.

Petitioner notes in his Petition that he "was sentenced on July 2, 2019, to serve 192 months at a Federal B.O.P. Institution, pursuant [to] Criminal Case 3:18-CR-2399-1, by Judge Martinez." Pet. 2. Petitioner requests that the Court order his immediate transfer to a BOP facility "before other waves of COVID-19" put his health at further

3

risk. Pet. 1, 5. Petitioner further contends that his limited access to legal materials while at the El Paso County Jail Annex, due in part to the COVID-19 pandemic, inhibits his ability to conduct research necessary to support a motion to vacate his federal sentence. Pet. 2. Petitioner also avers that the BOP is in "contempt" of the Court's order committing him to BOP's custody. Pet. 4.

Petitioner claims "[t]here are no means by which to exhaust" his administrative remedies. *Id.* Petitioner has neither paid the $5.00 filing fee nor applied to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Habeas corpus is an extraordinary remedy "reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, [would] result in a complete miscarriage of justice." *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367–68 (5th Cir. 1992)). Habeas corpus relief is permitted under 28 U.S.C. § 2241 only when the petitioner shows he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Indeed,

"[i]ts sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Consequently, "habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935.

A court reviewing a § 2241 petition accepts all of the petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The reviewing court also evaluates a petition presented by a *pro se* petitioner under a more lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, notwithstanding the more lenient standard of review, the petition must still offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556.

A court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

5

§ 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## III. ANALYSIS

### A. *In Forma Pauperis*

The Court observes that Petitioner was represented by appointed counsel throughout his criminal proceedings. Therefore, although Petitioner has not paid the $5.00 filing fee nor applied to proceed *in forma pauperis*, the Court will permit Petitioner to proceed with his Petition without prepaying costs or fees.

### B. **Exhaustion**

In reviewing a § 2241 petition, the Court must first ascertain whether the petitioner has exhausted his administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). This is because a petitioner seeking habeas relief must generally exhaust all administrative remedies before seeking judicial relief. *Id.*; *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing

exhaustion under the Prison Litigation Reform Act). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions may be made only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Petitioner suggests that he is excused from exhausting his administrative remedies with the BOP because he is in state custody and the BOP's administrative review program is not available to him. Pet. 5. Petitioner is correct that the administrative review program is not available to him; the BOP's program clearly "does not apply to inmates confined in non-federal facilities." 28 C.F.R. § 542.10(b).

The United States Court of Appeals for the Fifth Circuit has not "addressed whether a prisoner serving a federal sentence in state custody is excused from exhausting applicable BOP administrative remedies before filing a Section 2241 habeas petition challenging the

7

execution of his federal sentence." *Crow v. United States*, No. 3:15-CV-2135-K-BN, 2016 WL 7744405, at *1 (N.D. Tex. Dec. 9, 2016), *report and recommendation adopted*, No. 3:15-CV-2135-K, 2017 WL 149983 (N.D. Tex. Jan. 12, 2017).

In light of the unresolved nature of this issue, the Court will presume—without deciding—that Petitioner is excused from the exhaustion requirement because BOP administrative remedies are unavailable to him.

### C.  Merits

Petitioner asks the Court to order his immediate transfer from the El Paso County Jail Annex to a BOP facility.  Pet. 1, 5.  He maintains that his limited access to legal materials while at the Jail Annex inhibits his ability to conduct research that he believes is necessary to support a motion to vacate his federal sentence.  Pet. 2.  Petitioner asserts that, pursuant to the Antiterrorism and Effective Death Penalty Act, he only "has until April 6, 2021 to file the motion."  Pet. 2.  He also suggests that the BOP is in "contempt" of the Court's order committing him to its custody.  Pet. 4.  Notably, Petitioner does not

8

clarify whether he is currently serving a state or federal sentence.

In general, a prisoner has no constitutional right to be confined in any particular place. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner,* 515 U.S. 472, 478 (1995) ("[T]he Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

If Petitioner is currently serving a federal sentence, the Attorney General—and by delegation, the BOP—has exclusive authority and discretion to designate his place of confinement. *See United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[O]nly the Bureau of Prisons has the actual authority to designate the place of incarceration."). The BOP "may designate any available . . . correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise."

9

18 U.S.C. § 3621(b); *see also Barden v. Keohane*, 921 F.2d 476, 481 (3d Cir. 1990). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41–42 (7th Cir. 1987).[2] As such, the BOP cannot be in contempt of the Court's order for simply exercising discretion over a matter within its purview.

Additionally, a petitioner complaining about a BOP assignment is not entitled to judicial relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465

---

[2] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

10

(1981))); *accord Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . . denial of such relief cannot violate a substantive interest protected by the Due Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Moreover, "no authority requires federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence." *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005).

As a result, to the extent Petitioner asks for an order directing his immediate placement in a federal prison to serve his federal sentence, the Court does not have the authority to grant the request.

If Petitioner is currently serving a state sentence, the State has exclusive authority and discretion to designate his place of confinement.

Petitioner's "conviction has sufficiently extinguished [his] liberty interest to empower the State to confine him in *any* of its prisons." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Accordingly, the Court lacks authority to direct state officials to transfer Petitioner to his requested detention facility.

In sum, the Court finds that it may not grant the relief Petitioner seeks and it must deny his § 2241 petition.

## IV. CONCLUSION

After due consideration, the Court concludes that Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Consequently, the Court also concludes that Petitioner is not entitled to a writ of habeas corpus under 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that Petitioner James Adam Neira is permitted to proceed in this matter without prepaying costs or fees.

**IT IS FURTHER ORDERED** that Petitioner James Adam Neira's "Writ of Habeas Corpus 28 U.S.C. § 2241" Petition (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this __24th__ **day** of **November, 2020**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**